IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONNIE C. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1311 (MN) |
| | ) |
| DIANA DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 27th day of June 2025,

WHEREAS, on November 16, 2023, Plaintiff Ronnie C. Williams, an inmate at James T. Vaughn Correctional Center, initiated this civil action pro se by filing a Complaint pursuant to 42 U.S.C. § 1983 (D.I. 3);

WHEREAS, on October 8, 2024, Defendants Joshuah Smith, Keith Sydnor, detectives for New Castle County, and on November 25, 2024, Diana Dunn, and Kelly Sheridan, prosecutors, for the State of Delaware, moved to dismiss the Complaint (D.I. 19, 23, respectively);

WHEREAS, the Complaint asserts civil rights violations, pursuant to 42 U.S.C. § 1983, and torts violations of Delaware State law, alleging the 2018-to-2021 criminal investigation and prosecution that resulted in Plaintiff's current imprisonment violated the United States Constitution and the Delaware Constitution via malicious prosecution, abuse of process, and intentional infliction of emotional distress (*see* D.I. 3);

WHEREAS, the Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to Plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008), while liberally construing Plaintiff's pro se pleading and holding the Complaint

"to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

WHEREAS, to the extent that Plaintiff's § 1983 claims challenge his current conviction and sentence, they are *Heck*-barred and must be brought in a *habeas* action, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, where success in a § 1983 action would imply the invalidity of a conviction or sentence, a suit for damages or equitable relief is barred unless plaintiff can demonstrate that his conviction or sentence has been invalidated);

WHEREAS, to the extent Plaintiff intends to have this Court review a State court proceeding that concluded in a manner adverse to him, the *Rooker-Feldman* doctrine bars this Court from reviewing final judgments of State courts, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments");

WHEREAS, to state a claim upon which relief may be granted, the Complaint must contain more than labels and conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and it must allege facts sufficient to show that Plaintiff's claims have substantive plausibility, *see Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam);

WHEREAS, the Complaints alleges, but does not plausibly show, that corrupt means were used in the investigation and prosecution of Plaintiff's criminal case;

WHEREAS, no facts alleged in the Complaint suggest that Defendants Dunn and Sheridan's actions fell outside the scope of prosecutorial immunity in this case, *see Imbler v. Pachtman*, 424 U.S. 409, 424 (1976) (discussing how prosecutorial immunity is specifically intended to permit the work of the prosecutor to remain unimpeded when the prosecutor sees fit to move to dismiss charges or fails to convict on certain charges); *see also Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (discussing when prosecutors receive absolute, as opposed to qualified, immunity and acknowledging that absolute immunity applies to the actions performed when "functioning as the state's advocate");

WHEREAS, claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought, *see O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006);

WHEREAS, in the State of Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued absent tolling, *see* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (citations omitted), and accrual of a cause of action under § 1983 begins when a plaintiff "knew or should have known of the injury upon which its action is based," *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998), but all factual allegations in the Complaint involving Defendants Smith and Sydnor occurred more than four years before this case was initiated; and

WHEREAS, a "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable," *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted), a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *C.H. ex rel. Z.H.*

*v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000), and "liability cannot be predicated solely on the operation of *respondeat superior*," *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988);

THEREFORE, IT IS HEREBY ORDERED that Defendants' motions to dismiss the Complaint (D.I. 19, 23) are **GRANTED**;

IT IS FURTHER ORDERED that the Complaint (D.I. 3) is **DISMISSED with prejudice** for failure to state a claim; and

IT IS FINALLY ORDERED that the Clerk of Court is directed to **CLOSE** this case.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge